UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO. 04-082** |
| **ERIC M. POUNDS** | * | **SECTION "B"** |

### ORDER AND REASONS

Defendant Pounds has filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. (Rec. Doc. No. 30). For the following reasons, **IT IS ORDERED** that Defendant's motion for habeas corpus relief be **DISMISSED**[1].

### LAW AND ANALYSIS

The Fifth Circuit has specifically recognized the effectiveness of an informed and voluntary waiver of post-conviction relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Pounds waived his right to file a §2255 motion by signing his plea agreement. The plea agreement signed by Pounds specifically provided that:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3472 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the

---

[1] We are grateful for the work on this case by Paul Hammer, a Loyola Law School extern with our chambers.

>following: (a) any punishment imposed in excess of statutory maximum, and (b) any punishment to the extent it constitutes upward departure from the Guideline range deemed most applicable by the sentencing court.

This agreement effectively precludes the relief sought by Pounds, as the thirty month sentence issued by the Court neither exceeded the statutory maximum nor the guideline range.

Furthermore, Pounds is procedurally barred from collaterally raising this motion because he failed to raise it on direct appeal. The Supreme Court and the Fifth Circuit have emphasized repeatedly that "the collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991)(en banc)(citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). "After conviction and exhaustion or waiver of any right to appeal, we are entitled to presume that the defendant stands fairly and finally convicted." *Frady*, 456 U.S. at 164; *Shaid*, 937 F.2d at 231-32. Collateral review is fundamentally different from and may not replace a direct appeal. *Frady*, 456 U.S. at 164-65; *Shaid*, 937 F.2d at 231. A defendant may not raise an issue (constitutional or jurisdictional in nature) for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

However, even if a defendant cannot establish cause and

2

actual prejudice, a defendant may be entitled to relief under 28 U.S.C. § 2255 if an error of a constitutional nature would result in a complete misarrange of justice.  *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991).  Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent.  *Shaid*, 937 F.2d at 232.

Assuming that Pounds' alleged sentencing error could be construed as constitutional, Pounds still would have to show cause and prejudice to excuse his procedural default in failing to raise it on appeal.  *Shaid*, 937 F.2d at 232.  However, his December 6, 2004 Motion to Withdraw Appeal states:

> Additionally, there are no non-frivolous issues for appeal.  The defendant-appellate entered a plea of guilty in the district court.  No issues were preserved for appeal prior to the plea of guilty.  No issues arose during the entering of the plea of guilty, and, in fact, the defendant-appellate signed a waiver concerning most of his rights to appeal the conviction and sentence.

Pounds failed to raise any issues on his direct appeal of which he now seeks relief.  Further, he admits that there are no "non-frivolous issues on appeal."

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that Blakely's sentence imposed pursuant to the State of Washington's sentencing procedures violated the United States Constitution as interpreted in and *Apprendi v. New Jersey*, 530 U.S.

3

466 (2000), because the enhanced sentence was based upon factual findings by a judge after a hearing, not by a jury.  In *United States v. Booker*, 125 S.Ct. 738 (2005) the Supreme Court extended the principles of the *Blakely* decision to sentencing under the United States Sentencing Guidelines and modified the federal sentencing guidelines, rendering them advisory, rather than mandatory.

Pounds makes a reference to the Court making a finding as to his criminal history, instead of a jury.  He asserts that this "unconstitutional sentence scheme" violates the *Blakely* and *Booker* holdings.  However, Pounds is not entitled to challenge his sentence as a result of an alleged *Blakely* or *Booker* violation in his instant motion because *Blakely* and *Booker* have no retroactive application to petitions for collateral relief. *United States v. Gentry*, 432 F.3d 600 (5th Cir. 2005); *see also, Lloyd v. United States*, 407 F.3d 608, 610 (3d Cir. 2005)("All Courts of Appeals to have considered the issue of whether the rule of law announced in [*Booker*] applies retroactively to prisoners who were in the initial § 2255 motion stage as of the date that *Booker* was issued have concluded that it does not. We now join those courts."); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like *Blakely*, *Booker* does not apply retroactively on collateral review, and Bellamy's claim may not be brought in this initial habeas review under 28 U.S.C. §

2255."); *Guzman v. United States*, 404 F.3d 139, 142 (2d Cir. 2005)("The several Courts of Appeals that have considered the retroactivity question have held that *Booker* is not retroactive . . . we agree."); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005)(per curiam) ("We conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005)("We conclude that *Booker's* rule does not apply retroactively in collateral proceedings."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005)("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) ("This rule is not available for post-conviction relief for federal prisoners . . . whose convictions became final before *Booker* (or *Blakely*) was decided."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005) (per curiam).

On December 17, 2004, the mandate was entered by the Fifth Circuit dismissing Pounds' appeal and no petition for certiorari was filed with the Supreme Court.  At the time *Blakely* was issued, June 24, 2004, and at the time *Booker* was issued, January 12, 2005, Pounds' case was not on direct review and Pounds failed to raise

5

any *Blakely* issues on appeal.  The rules in *Blakely and Booker* do not apply retroactively to cases on collateral review. Consequently, Pounds' argument that his sentence is unconstitutional is without merit.  Moreover, considering the nature and extent of Pounds' tax refund scam (Rec. Doc. No. 38), Pounds' admitted role in same, and Pounds' extensive criminal record, this Court would have imposed the same sentence even without sentencing guidelines.

Finally, Pounds alleges that he received ineffective assistance of counsel because his lawyer: (1) failed to object to the use of preponderance of evidence aggravating factors to enhance or depart at sentencing, (2) failed to explain to him the ramifications of the plea agreement, (3) never explained to him what rights were being given up by virtue of the plea waiver, and (4) failed to inform him of the stipulations of the plea agreement on the day it was signed.

Counsel for Pounds filed a Motion for Downward Departure which addressed Pounds' multiple criminal acts, the exact issues Pounds now complains were not addressed.  Further, in the sentencing transcript (Attachment to Rec.), the Court addresses the preponderance issues with Pounds.  The transcript further details every one of the complaints Pounds now purports as failures by his lawyer were covered in detail with Pounds.  Pounds expressed a complete understanding of the entire plea, plea letter, and

ramifications of his actions under oath.

In order to obtain habeas corpus relief on grounds of ineffective assistance of counsel, a defendant must demonstrate not only that his counsel's performance was deficient but also that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficiency, the defendant must show that his counsel's actions fell below the objective standard of reasonableness. *Id.* at 688. To demonstrate prejudice, he must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Pounds has failed to meet these burdens. Further, his testimony at his guilty plea carries a strong presumption of verity. *U.S. v. Smith*, 844 F.2d 203, 208 (5th Cir. 1988). Consequently, his claim of ineffective assistance of counsel must also fail.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the instant § 2255 motion be **DISMISSED**.

New Orleans, Louisiana, this 22nd day of March, 2006.

UNITED STATES DISTRICT JUDGE

7